UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____
LETECIA REMAURO**,** JANE FRANGOS,

      Plaintiffs,      **COMPLAINT**
  v.
               **Case No. 21-cv-4553**
Mayor Bill de Blasio

      Defendant,      **DEMAND FOR JURY TRIAL**
_____

  Plaintiffs, LETECIA REMAURO**,** JANE FRANGOS by their attorney Law Offices of Tricia S. Lindsay, PC, allege as follows:

### INTRODUCTORY STATEMENT

1. The government of the City of New York led by Mayor Bill de Blasio is violating the constitution of the United States and unjustifiably wreaking havoc on the lives of a substantial number of New York residents and visitors.[1] New York state, including New York City, is no longer under a COVID-19 state of emergency, yet Mayor de Blasio's latest proclamation slated to take effect on or about August 16, 2021, which identifies the citizens he thinks are permitted to lead normal lives while in New York City, is a glaring and dangerous instance of government overreach gone wild.

2. There is no formal COVID-19 vaccine mandate in New York City or New York State, but Mayor de Blasio's Vaccine Card Mandate seeks to preclude the citizens and visitors of New York City from essential transactions which are essential daily aspects of their lives, force

---

[1] Approximately 38% of New Yorkers have not received a COVID-19 vaccine. See https://www1.nyc.gov/site/doh/covid/covid-19-data-vaccines.page#people

independent private business owners to implement and enforce a general policy that has yet to be carefully outlined but is set to take effect on August 16, 2021.

3. The Mandate affects both long term and newly hired employees declining to take an experimental vaccine and employees who decline to disclose sensitive medical information to third party persons outside of their medical provider or insurance company.

4. If these employees choose to implicate their constitutional rights, they will be forced to leave their jobs, thus denying their right to retain gainful employment.

5. Under the de Blasio Mandate, a person who has recovered from COVID-19 will be forced to take a vaccine even though recent studies indicate that a person with COVID-19 antibodies is less likely to contract the COVID-19 virus than someone who has received a vaccine.[2]

6. The vaccine mandate set to take effect does not provide any accommodation for people who have already recovered from COVID-19, or those who are protected by the Americans with Disabilities Act of 1990, inclusive of people who for a variety of medical reasons have been advised by their physicians not to take the COVID-19 vaccine, or for people who are objecting to taking the vaccine for religious reasons.

7. The Equal Employment Opportunity Commission provides guidance that employers who require the COVID-19 vaccine must consider reasonable accommodations for employees who cannot be vaccinated because of a disability or for religious reasons.[3]

8. The Emergency Use Authorization statute, 21 U.S.C. § 360bbb-3, governs vaccines that have not received FDA approval. 21 U.S.C. § 360bbb-3 states that anyone to whom the EUA

---

[2] Recent Israeli data found that those who had received the Pfizer Vaccine were 6.72 times more likely to suffer a subsequent infection than those with naturally acquired immunity. David Rosenberg, Natural Infection vs Vaccination: Which Gives More Protection? ISRAELNATIONALNEWS.COM (Jul. 13, 2021), available at https://www.israelnationalnews.com/News/News.aspx/309762 (
[3] https://www.eeoc.gov/laws/guidance/enforcement-guidance-reasonable-accommodation-and-undue-hardship-under-ada

product is administered must be informed of the option to accept or to refuse it, as well as the alternatives to the product and the risks and benefits of receiving it.[4]

9. Plaintiffs seek to protect and preserve their rights under the United States Constitution. Defendant is violating their rights under the First, Fourth, Fifth, and Fourteenth Amendments.

10. Plaintiffs challenge Mayor de Blasio's attempt to unreasonably restrict their right to assemble, to own and operate a business free from unduly burdensome mandates and restrictions, to access to public accommodations, to the free exercise of religion, to make their own healthcare decisions, to privacy and to retain gainful employment.

11. Plaintiffs contend that their business as well as many other businesses in the City of New York may be forced to close because they will not be able to enforce this mandate or endure the loss of income that it will leave them with no other option.

12. No compensation will be provided to these business owners or employees no longer able to work at their establishment. See *Knick v. Township of Scott* (2019) 139 S.Ct. 2162

13. As such, Plaintiffs wish to immediately enjoin the Vaccine Card Mandate from taking effect. Plaintiffs also assert a liberty right to make their own healthcare decisions and protect the privacy thereof, as well as a property interest in retaining their jobs and advancing their careers, all of which are severely hampered and restricted by Defendant, Mayor de Blasio's forthcoming policy.

14. The Due Process Clause of the Fourteenth Amendment provides: "nor shall any state deprive any person of life, liberty, or property, without due process of law." In this situation Plaintiffs are being deprived of their rights by fiat, not even a written regulation or a passed law.

---

[4] https://www.westlaw.com/Document/N14673EF0E50411E7B1A98C415E7B64A9/View/FullText.html?transitionType=Default&contextData=(sc.Default)&VR=3.0&RS=cblt1.0

15. The Equal Protection Clause of the Fourteenth Amendment prohibits denying to any person within its jurisdiction the equal protection of the laws. In New York City, many of those who are protected by employment contracts with the City of New York will not be subjected to the Mandate and will be able to go to work without having been compelled to take an experimental vaccine. Those without the benefit of such protection will be forced to give up their jobs and livelihoods.

16. A vaccinated person, who does not want to disclose their vaccination status should be free to do so except under very limited circumstances. There are also serious and legitimate concerns that digital vaccine passports are susceptible to hacking and tracking by third parties.[5]

17. The fourth Amendment provides that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

18. If this initiative was earnestly based on science and public health considerations, and if forced vaccinations were really an indispensable part of fighting COVID-19, the City of New York would have focused its attention on the New York City Transit System with such a requirement where more often than not there is not more than six centimeters of separation between riders, let alone the recommended six feet of space for "social distancing". The Bill of Rights precludes Mayor de Blasio and his administration from arbitrarily deciding who should be able to work in and enjoy life in New York City.

19. Plaintiffs seek a declaration that Defendant are violating their constitutional rights as set forth in this complaint; a preliminary and permanent injunction preventing the Defendants from

---

[5] https://www.fastcompany.com/90659763/vaccine-passports-hacking-privacy

enforcing proposed vaccine requirements that are already violating and restricting their constitutional rights.

**JURISDICTION AND VENUE**

20.     This action arises under the Constitution and laws of the United States. Jurisdiction is conferred on this court pursuant to 28 U.S.C. §§ 1331 and 1343.

21.     Plaintiff's claims for declaratory and injunctive relief are authorized by 28 U.S.C.§§ 2201 and 2202, and by the general legal and equitable powers of this Court; the requested injunctive relief under 28 U.S.C. § 1343(a); and attorneys' fees and costs under 42 U.S.C. § 1988.

22.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims herein have occurred in this district and because the Defendants reside or are located in the district.

**PARTIES**

23.     Plaintiff Leticia Remauro is an adult citizen of the United States and a resident of the City of New York in the County of Richmond.  Plaintiff Remauro is the owner and operator of a public relations and marketing company within the City of New York.  Plaintiff Remauro's clientele consists of a large number of customers who own restaurants and bars.   Plaintiff Remauro's business experienced a steep decline in customers last year due to the COVID-19 lockdown when patrons were going outside of New York City in large numbers.  Recently, Plaintiff Remauro has seen an improvement in business but expects a drastic decline when Mayor Bill de Blasio's new Mandate comes into effect next week.  Plaintiff Remauro contracted the COVID-19 virus last year and was tested for antibodies a few months ago. Plaintiff Remauro has a large number of COVID-19 antibodies and has been advised by her physician not to take the

vaccine. Plaintiff Remauro does not want to go against the advice of her physician and should not be deprived of enjoying regular facets of life in New York City because she does not want to take a vaccine that she does not need and could be harmful for her. Plaintiff also does not want to disclose any sensitive medical information to anyone outside of her healthcare provider or insurance company.

24. Plaintiff Jane Frangos is an adult citizen of the United States and a resident of the City of New York in the County of Richmond. Plaintiff Frangos has received two doses of a COVID-19 vaccine but objects to having to provide this information to owners or employees of theaters, restaurants, etc., who are under no obligation to safeguard it. Plaintiff Frangos will be unable to enjoy life in New York City as she has known it for over 75 years due to the severe restrictions that will be placed on her starting next week because she will not furnish her vaccine status to anyone outside of her healthcare provider or insurance plan.

25. Defendant Bill de Blasio is the Mayor of New York City. As the Mayor of New York City, Mayor de Blasio is responsible for adopting and implementing the policy being challenged by Plaintiffs that would unconstitutionally infringe upon and severely restrict the rights of New York City residents and business owners and those visiting New York City. The policy Mayor de Blasio is executing violates multiple constitutional rights as outlined in this complaint.

26. At all times herein relevant, Mayor de Blasio was a government official acting in his capacity as Mayor of the City of New York. Defendant Bill de Blasio is sued individually and in his official capacity as the Mayor of New York City.

## STATEMENT OF FACTS

27. On June 24, 2021, New York State, via an announcement by Governor Cuomo ended its COVID-19 state of emergency.[6]

28. On August 3, 2021 Mayor Bill de Blasio announced his intention to implement a Vaccine Card Mandate, which would impose a series of restrictions on unvaccinated adults residing and doing business in the City of New York.[7]

29. Starting on August 16, 2021, all adults in New York City will be required to provide proof of a COVID-19 vaccination in order to gain full access to places of public accommodation identified and targeted by Mayor de Blasio. According to the mandate, customers will not be allowed to patronize business facilities such as restaurants with indoor dining, indoor fitness facilities, and/or indoor entertainment venues without providing proof of one of the Covid-19 vaccinations.[8]

30. Mr. de Blasio's policy is distinctive in that it discriminates against unvaccinated people and selective businesses in New York City. Under his new policy, a large number of private New York City businesses will be mandated to enforce a vague, highly ambiguous, overly burdensome and unconstitutional policy aimed at coercing and requiring customers and employees to receive a COVID-19 vaccination.[9]

---

[6] https://www.governor.ny.gov/news/governor-cuomo-announces-new-york-ending-covid-19-state-disaster-emergency-june-24
[7] https://www.nbcnews.com/news/us-news/nyc-becomes-first-major-u-s-city-mandate-vaccination-proof-n1275807
[8] https://www1.nyc.gov/site/doh/covid/covid-19-main.page
[9] https://www.nytimes.com/2021/08/03/nyregion/nyc-vaccine-mandate.html

31. People employed at these identified locations and businesses will be required to be vaccinated as a condition of employment, [10] and business owners would be forced to deny service to any customer unwilling to provide proof of vaccination against COVID-19. [11]

32. Under Mayor de Blasio's policy, effective September 13, 2021, the City of New York will levy fines on all businesses that refuse to comply with this directive. [12]

33. On December 11, 2020, The Food and Drug Administration ("FDA") issued an Emergency Use Authorization ("EUA") for the Pfizer BioNTech COVID-19 Vaccine ("Pfizer Vaccine").[13] One week later the FDA issued a second EUA for the Moderna COVID-19 Vaccine,[14] and on February 27, 2021, the FDA granted an EUA for the Johnson & Johnson COVID-19 Vaccine. [15]

34. These are the only three (3) vaccines in the United States currently authorized for use by the FDA.[16] However, none of the vaccines have been licensed by the FDA, and as such remain in an EUA status. This means Mr. de Blasio cannot mandate any person, resident or visitor, in the City of New York to take the COVID-19 vaccination.

35. The City of New York only requires newly hired New York City employees as of August 2, 2021, to take a COVID-19 vaccination. Employees hired prior to August 2, 2021 are not required to do so as a condition of remaining employed by the City of New York. [17]

---

[10] https://www1.nyc.gov/site/doh/covid/covid-19-main.page
[11] https://apnews.com/article/lifestyle-business-health-new-york-new-york-city-02ebaf33bec191fa66c99fc02cf1ef1b
[12] https://www.jdsupra.com/legalnews/the-key-to-nyc-only-vaccinated-2480261/
[13] Pfizer-BioNtech Vaccine FAQ, FDA, bit.ly/3i4Yb4e
[14] Moderna, About Our Vaccine, bit.ly/2Vl4lUF (l
[15] EUA for Third COVID-19 Vaccine, FDA, bit.ly/3xc4ebk
[16] https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines.html
[17] https://www1.nyc.gov/site/doh/covid/covid-19-main.page

36. Thus far the City of New York has identified four means of proof deemed acceptable to prove vaccination status, an excelsior pass, an NYC COVID Safe App, a CDC vaccination card, or a New York City Vaccination Record.[18]

37. Hospitalization for COVID-19 treatment in New York City is currently 3.62 per 100,000 people, the largest component of that figure is from people 75 and over.[19]

38. The rate of death from COVID-19 in New York City is 0.18 per 100,000 people, the largest component of this percentage from people 75 and over. On August 3, 2021,

39. At this stage, the COVID-19 vaccines are in an investigational phase and are thus experimental. As long as they are in an EUA status, no policy, mandate or law can force citizens to subject themselves involuntarily to the vaccine, without violating the Constitution of the United States of America.

## CLAIMS FOR RELIEF

## COUNT I: VIOLATION OF THE FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS

40. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein and further alleges:

41. Mayor Bill de Blasio, acting in his capacity as Mayor is exerting extreme coercion over citizens of the State and City of New York who are also citizens of the United States.

---

[18] https://www1.nyc.gov/site/doh/covid/covid-19-main.page
[19] https://www1.nyc.gov/site/doh/covid/covid-19-data.page#daily

42. Mayor de Blasio does not have the authority to deprive a person of their property rights in terms of employment, or the right to partake in and receive goods and services, based on his personal desire to see everyone receiving a COVID-19 vaccine. See *Koontz v. St. Johns River Water Mgmt. Dist.,* 570 U.S. 595 (2013) ("Unconstitutional conditions doctrine forbids burdening the Constitution's enumerated rights by coercively withholding benefits from those who exercise them"); *Memorial Hosp. v. Maricopa Cty.,* 415 U.S. 250 (1974) ("[An] overarching principle, known as the unconstitutional conditions doctrine … vindicates the Constitution's enumerated rights by preventing the government from coercing people into giving them up").

43. A person has a due process right to decline unwanted medical treatment. See *Cruzan v. Director, Missouri Dept. of Health,* 497 U.S. 261 (1990). In *Union Pac. Ry. Co. V. Botsford,* 141 U.S. 250, 251 (1891), the Supreme Court held that "No right is held more sacred, or is more carefully guarded by the common law, than the right of every individual to the possession and control of his own person, free from all restraint or interference of others, unless by clear and unquestionable authority of law."

44. Defendant de Blasio's claim that those who disagree with furnishing proof of vaccination have the option of not availing themselves of the benefits of patronizing a certain establishment, disregards the fact that our civil liberties are not subject to abridgement simply because we don't *absolutely need* to participate in an activity or perform an action. Just because an activity remains voluntary does not mean that the State has a right to deny a person's civil rights.

45. According to Mayor de Blasio, "[t]hey don't *need* to dine in at a restaurant, they don't *need* to exercise inside, they don't *need* to meet with their friends at an entertainment complex."

46. In *Speiser v. Randall,* 357 U.S. 513 (1958), the Supreme Court overturned a loyalty oath required as a condition for veterans to receive a state property tax exemption, even though (a) California citizens were not required to own real property, of course; (b) California veterans could freely opt not to seek the exemption and simply pay the unadorned tax; and (c) California was not even obligated to provide veterans with the exemption but rather the exemption was a mere privilege.

47. The Court in *Speiser* determined that the oath requirement was unconstitutional because the burden to establish qualification for the exemption was placed on applicants. The Issue the Supreme Court addressed was "whether this allocation of the burden of proof, on an issue concerning freedom of speech, falls short of the requirements of due process."

48. A person who has recovered from COVID-19 and has antibodies and is advised by their physician, or an unvaccinated person who in consultation with their physician has decided not to take the vaccine, or a vaccinated person who does not want to disclose their vaccine status has the right to participate normally and freely in society. *See Washington v. Glucksberg*, 521 U.S. 702, 721 (1997. "Our Nation's history, legal traditions, and practices thus provide the crucial "guideposts for responsible decision making," Collins, supra, at 125, that direct and restrain our exposition of the Due Process Clause. As we stated recently in Flores, the Fourteenth Amendment "forbids the government to infringe . . . `fundamental' liberty interests at all, no matter what process is provided, unless the infringement is narrowly tailored to serve a compelling state interest." 507 U.S., at 302.

49. Defendant de Blasio cannot demonstrate that he has a compelling interest in forcing someone who has COVID-19 antibodies to take the vaccine because he cannot prove that they will have any more protection against the virus than before receiving the vaccine.

## COUNT II—Violation of the First Amendment

50. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein and further alleges:

51. Defendant is depriving Plaintiffs of their first amendment right to freedom of speech and freedom of assembly.

52. For example, a person seeking to attend a gathering of a political party at a restaurant will not be able to do so unless she is vaccinated and willing to disclose this fact.

53. A person will be prevented from participating in many indoor gatherings not only at a restaurant, but other venues as well and thus will have their first amendment rights abridged. For example, a member of a club may wish to speak in favor or against a certain policy and convince fellow club members to support. Under de Blasio's policy this person has now been permanently silenced.

54. Defendant de Blasio's rule will have a "chilling effect" on free speech. The City of New York is attempting to impose an affirmative obligation that has been declared on an unconstitutional infringement of first amendment rights by the Supreme Court. See *Lamont v. Postmaster General,* 381 U.S. 301 (1965). "We conclude that the Act, as construed and applied, is unconstitutional because it requires an official act (viz., returning the reply card) as a limitation on the unfettered exercise of the addressee's First Amendment rights at 307, 85 S.Ct. at 1496-97.

55. Federal Courts can intervene when state action uses overbroad measures that present a "chilling effect" on freedom of expression. "When the statutes also have an overbroad sweep, as is here alleged, the hazard of loss or substantial impairment of those precious rights may

be critical. For in such cases, the statutes lend themselves too readily to denial of those rights". See *Dombrowski v. Pfister*, 380 U.S. 479 (1965).

56. The government may not deny someone a benefit on the basis of something that violates the right to free speech and would grant the government an extraordinary amount of power to produce outcomes that it otherwise could not. *See Perry v. Sindermann*, 408 U.S. 593 (1972).

**COUNT III—VIOLATION OF THE FOURTH AMENDMENT**

57. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein and further alleges:

58. Defendant Bill de Blasio's Mandate seeks to force customers and employees to provide proof of vaccination. This is an unwarranted intrusion; it is an invasion of privacy and runs afoul of the fourth amendment protections against unreasonable searches and seizures.

59. The City of New York has not offered any guarantee or assurance that the information collected via digital vaccine passport can and will be safeguarded, secured, and not disclosed to third parties.

60. The Supreme Court recognizes that individuals have a right to privacy outside of their private property. "A majority of this Court has already recognized that individuals have a reasonable expectation of privacy in the whole of their physical movements." *See Carpenter v. United States*, 585 U.S. ___ (2018). In *Carpenter,* Chief Justice Roberts wrote the majority opinion of the Court, "In *Katz v. United States*, 389 U. S. 347, 351 (1967), we established that "the Fourth Amendment protects people, not places," and expanded our conception of the Amendment to protect certain expectations of privacy as well. When an individual "seeks to preserve something

as private," and his expectation of privacy is "one that society is prepared to recognize as reasonable," we have held that official intrusion into that private sphere generally qualifies as a search and requires a warrant supported by probable cause."

61. A digital vaccine passport can provide location data; de Blasio has not made any representation that this data cannot and will not be used for illegal searches. A person has a right not to be forced into disclosing their whereabouts. *See United States v. Jones,* 565 U.S. 400 (2012). Using these vaccine passports will provide the government with an unprecedented amount of information about the activities of its citizens.

### COUNT IV—VIOLATION OF THE FIFTH AMENDMENT

62. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein and further alleges

63. The directive by Defendant de Blasio is likely to force some businesses to cease operation. Each business will have to have at least one employee devoted to checking vaccination status and enforcing the provisions which require denying service to anyone not willing to furnish proof of vaccination. This is a considerable financial expense for many businesses.

64. Business owners will also need to sever the employment of any employee unwilling to furnish proof of vaccination. Some employees may be indispensable for businesses to operate successfully. Terminating valuable employees may also compel businesses to shut down.

65. The Fifth Amendment provides that private property shall not "be taken for public use, without just compensation." This provision applies to the states through the fourteenth amendment. States have been granted wider latitude in conducting "takings" during times of

"emergency" but these powers are in perpetuity and absolute, See Trin *Co Inv. Co. v. United States*, 722 F.3d 1375, 1379 (Fed. Cir. 2013,

66. There is no longer any "emergency" that would justify such drastic government action by the City of New York. Although states have greater power during health emergencies, they must exercise those powers only as "reasonably necessary for the accomplishment of the [government's] purpose." Goldblatt v. Town of Hempstead, 369 U.S. 590, 595 (1962). Allowing people to be within an inch of each other on crowded subway cars while forcing a business owner to reject the patronage of someone having COVID-19 antibodies hardly seems "reasonable".

67. In the case of *Penn Cent. Transp. Co. v. New York City* - 438 U.S. 104, 98 S. Ct. 2646 (1978) the Supreme Court recognized that specific circumstances needed to be evaluated to determine whether government action constituted a partial taking. In this case, restaurant owners could hardly foresee this requirement or comprehend its necessity, as of right now the rule from the City of New York excludes those with antibodies from working at or patronizing an establishment. Even France has made an exception for those with antibodies to COVID-19.[20] The de Blasio plan can hardly be considered necessary or reasonable within the framework of *Penn Cent.*

68. While de Blasio may characterize these actions as "temporary". Even temporary measures can sometimes be considered an illegal "taking". See *Arkansas Game & Fish Commission v. United States,* 568 U.S. 23 (2012).

---

[20] https://www.cbsnews.com/news/france-covid-pass-mandatory-group-leisure-soon-bars-restaurants/

## COUNT V-- 42 U.S.C. § 1983

69. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein and further alleges:

70. 42 U.S.C. § 1983 provides a civil right of action for deprivations of constitutional protections taken under color of law.[21] Plaintiffs are entitled to declaratory and injunctive relief pursuant to 42 U.S.C. § 1983 because they are being deprived of "rights, privileges, or immunities secured by the Constitution and laws." Section 1983 therefore supports Plaintiffs constitutional and statutory causes of action against the Defendant Bill de Blasio because Section 1983 protects rights "secured by the Constitution and laws." 42 U.S.C. § 1983.

71. Plaintiffs are entitled to injunctive relief pursuant to *Ex Parte Young's* Non statutory equitable right of action. See *Verizon Md., Inc. v. Public Serv. Comm'n of Md.,* 535 U.S. 635, 648 (2002) ("We conclude that 28 U.S.C. § 1331 provides a basis for jurisdiction over Verizon's claim that the Commission's order requiring reciprocal compensation for ISP-bound calls is pre-empted by federal law. We also conclude that the doctrine of *Ex Parte Young* permits Verizon's suit to go forward against the state commissioners in their official capacities)".

## COUNT VI—VIOLATION OF THE SUPREMACY CLAUSE

72. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein and further alleges:

---

[21] https://www.law.cornell.edu/uscode/text/42/1983

73. The United States Constitution and Federal laws are the "Supreme Law of the Land" and supersede the constitutions and laws of any state in the United States. U.S. Const. Article VI, sec 2.

74. Federal laws and regulations which govern the approval and licensing of medical products such as vaccines wholly preempt any and all conflicting or contradictory laws of the States and/or local governments.

75. Mayor de Blasio's Vaccine Card Mandate is blatantly contrary to United States Constitution and Federal law, and thus is preempted and deemed completely invalid.

76. 21 U.S.C. Section 360bbb-3(e)(1)(A)(ii), and Section 564 of the United States Food and Drug Administration promulgated thereunder, provide in relevant part that all individuals to whom an investigational product is to be administered under an Emergency Use Authorization must be informed "of the option to accept or refuse administration of the product. . .."

77. The vaccines at issue in the Vaccine Mandate are all deemed as EUA medical products and are thus investigational, and thus, are only permitted for use under the FDA's Emergency Use Authorization. As long as this designation is in effect, the laws and regulations of the United States prohibit state and local governments, including the City of New York and Defendant de Blasio from requiring that any person who does not consent to their administration, to be subjected to their use, including Plaintiffs.

78. Defendant de Blasio is forcing businesses to coerce employees and customers into taking an emergency use vaccine not approved by the FDA. This is both unconstitutional and illegal.

79. The federal EUA statute expressly states that a person, [such as Plaintiffs], has the option not to take this vaccine. See *John Doe No. 1 v. Rumsfeld, No. Civ.* A. 03-707(EGS), 2005 WL 1124589, *1 (D.D.C. Apr. 6, 2005).

80. "State law is pre-empted to the extent that it actually conflicts with federal law." *English v. General Elec. Co.*, 496 U.S. 72, 79 (1990),

81. The de Blasio requirement is contrary to the EUA statute. The EUA statute's prohibition on mandating EUA products is supported by an accompanying rule that permits the President, in writing, to waive the option of those in the U.S. military to allow or decline e an EUA product if national security so requires. See *10 U.S.C. § 1107a(a)(1)*. Such a clause would be wholly unnecessary if one could impose negative consequences on the intended recipient.

82. The de Blasio Mandate is set to go into effect while running counter to the guidelines of the Equal Employment Opportunity Commission for "reasonable accommodations", as there are no reasonable accommodations in the de Blasio rule. Instead, we have onerous pernicious threats of severe consequences for the unvaccinated or those who refuse to provide heretofore private medical information.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests that the Court enter a declaratory judgment that Defendant's Vaccine Card Mandate is unconstitutional and beyond the scope of his authority, for an injunction preliminarily and permanently enjoin Mayor Bill de Blasio from implementing and enforcing the Vaccine Card Mandate, for attorneys' fees, costs pursuant to 42 U.S.C. § 1988, and such further relief as the Court deems just.

**JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury for all matters so triable.

DATED this 12th day of August 2021.

                                            Respectfully Submitted,

                                            LAW OFFICES OF TRICIA S. LINDSAY, PC

By: _____
        TRICIA S. LINDSAY, ESQ.
        531 E. Lincoln Avenue, Suite 5B
        Mount Vernon, New York 10552
        Ph: (347) 386-4604
        Fax: (914)840-1196
        TriciaLindsayLaw@gmail.com